IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00313-MR

| | |
|---|---|
| ERRIE RAGIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SHEKINA LOCKWOOD, ) | ORDER |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.  BACKGROUND**

The pro se incarcerated Plaintiff appears to have filed this action pursuant to 42 U.S.C. § 1983, addressing an incident that allegedly occurred at the Marion Correctional Institution.[1] The Plaintiff names as the sole Defendant Shekina Lockwood, a correctional officer at the Marion CI. He describes the nature of the case as "[w]rongfully accused of exposing myself to a correction officer." [Doc. 1 at 2]. He states his cause of action as follows:

---

[1] The Plaintiff is presently incarcerated at the Foothills Correctional Institution.

Count 1: Excessive Force

Sprayed me with mace excessively for which she thought I expose myself to her which I did not.

[Id. at 4] (errors uncorrected).

For injury, the Plaintiff states:

Yes I know wear glasses and when I came to prison I had perfect vision now my vision is poor in left and right eye.

[Id.] (errors uncorrected). The Plaintiff seeks damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must

3

consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Here, the Plaintiff alleges that the Defendant pepper sprayed him "excessively" on the mistaken belief that he had exposed himself; however, he has failed to plausibly allege that the Defendant acted with a sufficiently culpable state of mind. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The allegations are too vague and conclusory to state a plausible excessive force claim and, accordingly, the Complaint will be dismissed without prejudice.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim, and the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

4

Case 1:23-cv-00313-MR   Document 9   Filed 02/07/24   Page 4 of 5

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: February 7, 2024

Martin Reidinger
Chief United States District Judge

5

Case 1:23-cv-00313-MR   Document 9   Filed 02/07/24   Page 5 of 5