IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00313-MR

ERRIE RAGIN,                )
                            )
            Plaintiff,      )
                            )
vs.                         )
                            )
SHEKINA LOCKWOOD,           )      **ORDER**
                            )
            Defendant.      )
_____ )

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint [Doc. 10]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.  BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983, addressing an incident that allegedly occurred at the Marion Correctional Institution.[1] The Complaint was dismissed on initial review, and the Plaintiff was granted the opportunity to amend. [Doc. 9]. The Amended Complaint is now before the Court for initial review. [Doc. 10].

---

[1] The Plaintiff is presently incarcerated at the Foothills Correctional Institution.

The Plaintiff again names as the sole Defendant Shekina Lockwood, a correctional officer at the Marion CI. He specifies that he is suing Defendant Lockwood only in her official capacity. [Id. at 2]. He claims that, on May 25, 2023, "I got sprayed with mace by Shekina Lockwood." [Id. at 5]. For injury, the Plaintiff states "I got poor vision did not receive medical treatment." [Id.] (errors uncorrected). The Plaintiff seeks "10,000 dollars pain and suffering also my poor vision and mild headaches." [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.  DISCUSSION**

The Amended Complaint is vague and conclusory, and it fails initial review for the same reasons discussed in the Order on initial review of the Complaint. [Doc. 9].

Moreover, the Plaintiff purports to sue Defendant Lockwood, who is a state official, in her official capacity for damages.   However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  Will v. Dep't of State Police, 491 U.S. 58, 71 (1989).  Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder.  Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019).  Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).

3

As such, the Plaintiff's claim against the Defendant in her official capacity does not survive initial review and will be dismissed.

The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his Complaint once and he has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

**IV. CONCLUSION**

In sum, the Plaintiff has failed to state a claim and the Amended Complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 10] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: March 25, 2024

*[Signature]*

Martin Reidinger
Chief United States District Judge